UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW JASON, III                                   CIVIL ACTION

VERSUS                                              NO. 16-2728

PARISH OF PLAQUEMINES, ET AL            SECTION "R" (2)

## ORDER AND REASONS

Before the Court is a motion by defendant Christopher Thomas for summary judgment on plaintiff's 42 U.S.C. § 1983 and state law claims.  For the following reasons, the Court grants defendant's motion.

## I.    BACKGROUND

This civil action arises out of plaintiff Andrew Jason's arrest for operating a vehicle while intoxicated and child endangerment.  On April 3, 2015, at about 7:40 p.m., plaintiff was driving with his six-year-old son when his car was rear-ended by another driver.[1]  Plaquemines Parish Sheriff's Office Deputy Christopher Thomas arrived at the scene of the accident shortly thereafter and interviewed both drivers.[2]   Upon speaking with plaintiff, Deputy Thomas smelled alcohol on plaintiff's breath and observed

---

[1]      R. Doc. 26-1 at 1 ¶¶ 1-2.
[2]      R. Doc. 20-1 at 2.

signs of impairment, as plaintiff was swaying and his speech was slurred.[3]
Plaintiff was also not wearing shoes.[4]   Deputy Thomas asked plaintiff if he
had consumed alcohol, and plaintiff responded that he had.[5]   Based on
plaintiff's appearance and admission, Deputy Thomas administered a
Standardized Field Sobriety Test.[6]   Plaintiff could not follow Deputy
Thomas's instructions, turning right when instructed to turn left, and
plaintiff failed the test.[7]   Deputy Thomas placed plaintiff under arrest for
operating a vehicle while intoxicated in violation of Louisiana law.[8]   Upon
discovering that plaintiff was driving with his six-year-old son, Deputy
Thomas also charged plaintiff with child endangerment in violation of
Louisiana law.[9]   Thomas brought plaintiff back to the station, where plaintiff
was given a chemical breathalyzer test, which yielded a .022%.[10]

On October 22, 2015, Plaquemines Parish dismissed the charges
against plaintiff. On April 3, 2016, plaintiff filed this lawsuit against

---

[3]      *Id.*
[4]      R. Doc. 20-4 at 5.
[5]      R. Doc. 20-1 at 2; *see also* R. Doc. 26-1 at 1 ¶ 6 (Plaintiff's Statement of Uncontested Facts).
[6]      R. Doc. 20-1 at 2.
[7]      R. Doc. 20-4 at 5.
[8]      R. Doc. 20-1 at 2.
[9]      *Id.* At no point throughout this litigation has plaintiff denied that he was driving with his six-year-old son.
[10]     *Id.*

Plaquemines Parish, the Plaquemines Parish Sheriff's Office, Deputy Thomas, and the Plaquemines Parish District Attorney's Office.[11]  Plaintiff's complaint alleges that his false arrest and the resulting consequences violated his constitutional rights under 42 U.S.C. § 1983. Plaintiff also alleges state law claims of false arrest or imprisonment, malicious prosecution, intentional infliction of emotional distress, defamation, and negligent hiring and/or supervision.[12]  On June 23, 2016, defendant Thomas filed this motion for summary judgment,[13] arguing that there was no constitutional violation because probable cause existed for plaintiff's arrest.[14]  Additionally, Deputy Thomas argues he is entitled to the defense of qualified immunity.[15]  Plaintiff filed a memorandum in opposition to defendant's motion,[16] and Deputy Thomas filed a reply.[17]

---

[11]    R. Doc. 1 at 2.  Plaintiff voluntarily dismissed Plaquemines Parish from the suit. R. Doc. 7.  Plaintiff's amended complaint names as defendants Lonnie J. Greco, Sr., individually and in his capacity as the Sheriff of Plaquemines Parish; Deputy Thomas; Charles J. Ballay, individually and in his official capacity as the District Attorney of Plaquemines Parish; and one or more unnamed Assistant District Attorneys of Plaquemines Parish. R. Doc. 22 at 1-2.

[12]    R. Doc. 1 at 6-7.

[13]    R. Doc. 20.

[14]    R. Doc. 20-1 at 6.

[15]    *Id.* at 12.

[16]    R. Doc. 26.

[17]    R. Doc. 29.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).   All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the movant will bear the burden of proof at trial, the movant "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with

evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

### A.   Probable Cause

Plaintiff contends that defendant violated his constitutional right to be free from false arrest when Thomas arrested him for operating a vehicle while intoxicated and child endangerment.  For a warrantless arrest to be valid under the Fourth Amendment, it must be based on probable cause.  *See United States v. Ho*, 94 F.3d 932, 935 (5th Cir. 1996).  Therefore, to prevail on a false arrest claim under Section 1983, plaintiff must prove that defendant lacked probable cause to arrest him.  Though the Supreme Court has noted that "articulating precisely what . . . 'probable cause' mean[s] is not possible," *Ornelas v. United States*, 517 U.S. 690, 695 (1996), the standard is a practical conception that deals with the considerations, both factual and practical, that cause reasonable people, not legal technicians, to act.  *See Maryland v. Pringle*, 540 U.S. 366, 370 (2003).  The Fifth Circuit has held that probable cause exists for a warrantless arrest "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."  *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citation omitted).  Furthermore, if probable cause exists for any of the charges made, then probable cause exists for the arrest,

6

and the claim for false arrest fails.  *Wells v. Bonner*, 45 F. 3d 90, 95 (5th Cir. 1995).

Under Louisiana law, one is guilty of operating a vehicle while intoxicated when he or she operates any motor vehicle while "under the influence of alcoholic beverages."  La. Stat. Ann. § 14:98(A)(1)(a).  Here, though plaintiff disputes Deputy Thomas's account that plaintiff admitted to drinking six beers within three hours of the accident, plaintiff does not dispute that he admitted to drinking alcohol on the day of the accident, that he was operating a vehicle, that Deputy Thomas could smell alcohol on plaintiff's breath, that plaintiff had trouble standing, that plaintiff couldn't follow simple directions, and that plaintiff failed the Field Sobriety Test. Under these circumstances, Deputy Thomas had probable cause to believe that plaintiff had operated a vehicle while intoxicated.  Therefore, the arrest of plaintiff was valid, and there can be no claim for false arrest.

Plaintiff's opposition to Thomas's motion for summary judgment presents two arguments to suggest there was no probable cause, neither of which is sufficient to raise an issue of material fact as to the existence of probable cause.  First, plaintiff points to the result of his breathalyzer test, which was .022%. According to plaintiff, this establishes that he was not drunk when he was driving, which means that "probable cause did not exist

for his arrest."[18]  This argument rests on a misconception of the requirements of the Louisiana operating while intoxicated offense and the probable cause standard.

Under section 98 of the Louisiana Revised Statutes, the crime of operating a vehicle while intoxicated exists when *any* of the following conditions exist: "(a) [t]he operator is under the influence of alcoholic beverages. (b) The operator's blood alcohol concentration is 0.08 percent or more by weight . . . ."  La. Stat. Ann. § 14:98.  Thus, a blood alcohol concentration of .08% is sufficient grounds for a violation, but having a blood alcohol concentration of below .08% does not mean one cannot commit the offense of operating a vehicle while intoxicated.  Louisiana courts have made clear that a specific blood alcohol level is not a required element for the offense of operating a vehicle while intoxicated, *see, e.g.*, *State v. Hendon*, 654 So. 2d 447, 449 (La. App. 1 Cir. 1995), and that probable cause for an arrest based on intoxication can be grounded in the arresting officer's observations.  *State v. Wells*, 45 So. 3d 577, 582-3 (La. 2010).

Further, plaintiff acknowledges in his complaint that the breathalyzer test occurred back at the police station, after he was already arrested.[19]  This

---

[18]     R. Doc. 26 at 8.
[19]     R. Doc. 1 at 4.

means that before the test showed that plaintiff's blood alcohol concentration was below the legal limit, plaintiff had already told Deputy Thomas that he consumed alcohol, his breath already smelled of alcohol, and he already failed a field sobriety test.  These circumstances were enough to establish probable cause for his arrest, and the subsequent breathalyzer test does not negate this.

Next, plaintiff argues that he was swaying and failed the field sobriety test not because he was intoxicated, but because he recently had knee surgery.[20]  In a sworn affidavit, plaintiff attests that he told Deputy Thomas about his recent surgery and that that was why he was having trouble standing.[21]  Even if plaintiff's recent knee surgery caused him problems with standing, Deputy Thomas reported on the field sobriety test that plaintiff failed in part because he turned right instead of left when instructed.[22] Plaintiff's knee injury is irrelevant to his ability to follow simple instructions.

Further, plaintiff does not dispute that he admitted to consuming alcohol, and had breath smelling of alcohol.  Plaintiff tries to get around this admission by pointing to an allegedly false statement in Deputy Thomas's

---

[20]    R Doc. 26 at 8.  Plaintiff submits no information on when this surgery occurred or what specific type of surgery it was.
[21]    R. Doc. 26-2 at 2.
[22]    R. Doc. 20-4 at 5.

9

affidavit.[23]  Thomas's affidavit states that plaintiff admitted to drinking a six-pack of Michelob beer between 5:00 p.m. and 7:30 p.m.[24]  Plaintiff now attests that he does not drink Michelob beer and that he only had one or two beers "during the early afternoon hours."[25]  Plaintiff's attestation conflicts with the results of the breathalyzer test, which read .022%.[26]  According to the report of plaintiff's arrest, plaintiff is 6' 02" and weight 225 pounds.[27]  Plaintiff does not explain how someone of his size would have a blood alcohol content of .022% four or five hours after having had only one or two beers.

Plaintiff has not contested that he consumed alcohol, smelled of alcohol, and failed a field sobriety test based in part on his inability to follow simple directions. These facts and circumstances are sufficient to establish probable cause for an arrest for operating a vehicle while intoxicated.  *See Hendon*, 654 So. 2d at 449-50; *State v. Pitre*, 532 So. 2d 424, 428 (La. App. 1 Cir. 1988).  Therefore, plaintiff's knee injury, and Deputy Thomas' alleged

---

[23]     R. Doc. 26 at 2.

[24]     R. Doc. 26-1 at 2 ¶ 1.

[25]     *Id.* at 1 ¶ 6.   The Court notes that plaintiff's response is ambiguous as to what he is actually admitting.  The response itself states that plaintiff "freely admitted that he had 'had a few beers,'" R. Doc. 26 at 3, but plaintiff's sworn affidavit attests that he admitted to drinking only "one to two beers." R. Doc. 26-1 at 1 ¶ 6.

[26]     R. Doc. 20-4 at 4.

[27]     *Id.* at 1.

knowledge of that injury, are insufficient to create a question of material fact as to probable cause or to defeat Thomas's motion for summary judgment.

### B.    Qualified Immunity

Qualified immunity shields public officials from suit and liability under section 1983, "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (internal quotations omitted); *see also Gibson v. P.A. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). Therefore, in order to defeat a qualified immunity defense, the plaintiff must establish both a constitutional or statutory violation and that the right violated was clearly established. *See Michalik v. Hermann*, 422 F.3d 252, 257-58 (5th Cir. 2005); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "Clearly established" means the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Fifth Circuit has established that when a plaintiff asserts a claim for wrongful arrest, qualified immunity will defeat the claim so long as "a reasonable officer could have believed the arrest at issue to be lawful, in light of clearly established law and the information the arresting officers possessed." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (alterations omitted). Even law

11

enforcement officers who "'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Id.* (internal citation omitted) (quoting *Anderson*, 483 U.S. at 641).  In other words, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances."  *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (quotation omitted).

Under this standard, it is clear that even if Thomas arrested plaintiff without probable cause, Thomas's conduct was objectionably reasonable. Any reasonably competent law enforcement official who heard from the driver of a vehicle that he had consumed alcohol, smelled alcohol emanating from the driver's breath, and observed other signs of intoxication could form a reasonable belief that probable cause existed to arrest the driver for operating a vehicle while intoxicated.  Therefore, plaintiff has put forward no evidence tending to show that Deputy Thomas knowingly violated plaintiff's rights, or that pre-existing law compels the conclusion that Deputy Thomas' conduct violated plaintiff's rights.  Additionally, plaintiff does not respond to Thomas' argument on qualified immunity, nor does he point to any law

suggesting that Thomas would not be entitled to qualified immunity even if plaintiff could establish that Thomas violated his rights.

### C.   Additional Time For Discovery

In addition to his substantive arguments in opposition to defendant's motion for summary judgment, plaintiff also argues that summary judgment at this stage would be premature because discovery has not yet occurred. Federal Rule of Civil Procedure 56(d) permits a district court to deny or defer consideration of a motion for summary judgment, allow time to take discovery, or "issue any other appropriate order" when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  Nonetheless, a non-moving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).  Instead, the party seeking to continue a motion for summary judgment to obtain further discovery must indicate to the court (1) "why he needs additional discovery" and (2) "how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).

13

Plaintiff has not established that the discovery he seeks is likely to create an issue of material fact sufficient to defeat defendant's motion for summary judgment.  Plaintiff argues that the only evidence submitted in support of defendant's motion is Thomas' affidavit, which according to plaintiff is self-serving and not based on personal knowledge.[28]  However, Deputy Thomas's affidavit is based on personal knowledge, as it attests to the veracity of the report Deputy Thomas himself filled out about the observations he himself made.[29]  Plaintiff further alleges that the information referred to in Thomas's affidavit is false as to the number and type of beers to which plaintiff admitted drinking.[30]  Nevertheless, plaintiff has not shown what discovery he seeks or how it will create a genuine issue of material fact as to probable cause.   Because plaintiff gives nothing more than a "speculative hope" that discovery might provide plaintiff with information supporting his claims, his Rule 56(d) motion must be denied.  *See Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1567 (Fed. Cir. 1987) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint."); *see also Duffy v. Wolle*, 123 F.3d 1026, 1041

---

[28]  R. Doc. 26 at 7.
[29]  R. Doc. 20-5 at 1 ¶¶ 1-2.
[30]  R. Doc. 26 at 2.

(8th Cir. 1997) (finding that Rule 56(d) "does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]"); *Spence & Green*, 612 F.2d at 901 (finding "vague assertions that additional discovery will produce needed, but unspecified, facts" insufficient to warrant Rule 56(d) relief).

### D.    Remaining State Law Claims

In addition to his section 1983 claims, plaintiff also brings claims under Louisiana law.  Specifically, plaintiff seeks damages based on defendant's torts of false imprisonment, malicious prosecution, defamation and slander, intentional infliction of emotional distress, and negligent hiring and/or supervision.    Defendant's motion for summary judgment addresses plaintiff's state law claims as well, but plaintiff's memorandum in opposition to defendant's motion for summary judgment does not address defendant's arguments on the state law claims.

### 1.    *False Imprisonment and Malicious Prosecution*

Plaintiff's first two state law claims, false imprisonment and malicious prosecution, fail for the same reason that his section 1983 claim fails—the existence of probable cause for plaintiff's arrest.  The tort of false arrest and imprisonment occurs when "one arrests and restrains another against his will without a warrant or other statutory authority."  *Kyle v. City of New*

*Orleans*, 353 So.2d 969, 971 (La. 1977). Under Louisiana Code of Criminal Procedure Article 213, a peace officer may make a warrantless arrest when the "peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer." La. Code Crim. Proc. art. 213(3). Louisiana courts have held that reasonable cause to arrest without a warrant is the equivalent of probable cause to obtain an arrest warrant. *See, e.g., State v. Powell*, 598 So.2d 454, 460 (La. App. 2 Cir. 1992), *writ denied*, 605 So. 2d 1089 (La. 1992). As explained above, Deputy Thomas had probable cause to arrest plaintiff without a warrant. Because there was probable cause to arrest, there can be no false arrest cause of action. *See Kyle*, 353 So.2d at 972; *Dyas v. Shreveport Police Dep't*, 136 So. 3d 897, 903 (La. App. 2 Cir. 2014).

The same is true of plaintiff's malicious prosecution claim. In order to recover for malicious prosecution, a plaintiff must establish that there was no probable cause for the underlying prosecution. *Robinson v. Goudchaux's*, 307 So. 2d 287, 289 (La. 1975); *Hibernia Nat. Bank of New Orleans v. Bolleter*, 390 So. 2d 842, 843 (La. 1980). Because Thomas had probable cause to arrest plaintiff, there can be no malicious prosecution action.

16

## 2.    Defamation and Slander

In order to make out a defamation claim under Louisiana law, a plaintiff must establish four necessary elements: (1) a false and defamatory statement concerning another person; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) injury. *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 2006). Plaintiff's complaint merely states that defendants defamed him by falsely accusing him of crimes.[31] Plaintiff has the burden to establish the elements of defamation at trial, and has failed to respond to defendant's motion for summary judgment on the defamation claim. Further, the Court has held there was probable cause for plaintiff's arrest. Under Louisiana law, defendant, a police officer, enjoys a qualified privilege against defamation actions under these circumstances. *See Trentecosta v. Beck*, 703 So. 2d 552, 562-64 (La. 1997) (accusation of crime in arrest report based on probable cause is privileged against defamation absent bad faith or malice). Moreover, any statement made by a law enforcement official in the context of charging a defendant in a judicial or quasi-judicial proceeding is absolutely privileged without regard to the speaker's notion of the truth or falsity of the statement. *See Williams v. DiVittoria*, 777 F. Supp. 1332, 1340 (E.D. La. 1991)

---

[31]    R. Doc. 1 at 6 ¶ 17.

(statements made in the course of filing charges in judicial or quasi-judicial proceeding are absolutely privileged) (citing *Goldstein v. Serio*, 496 So. 2d 412, 414 (La. App. 4 Cir. 1986)).

### 3.   *Intentional Infliction of Emotional Distress*

Plaintiff's complaint alleges that defendants' conduct caused him emotional distress and that the actions constitute the tort of intentional infliction of emotional distress.   Louisiana courts have held that any emotional distress arising from claims of false imprisonment and arrest, malicious prosecution, and defamation do not give rise to a separate cause of action apart from those claims, and instead are simply elements of damages. *Kelly v. West Cash & Bldg. Materials Store*, 745 So. 2d 743, 760 (La. App. 4 Cir. 1999).   And because plaintiff's claims of false imprisonment and arrest, malicious prosecution, and defamation fail, there is no need to consider plaintiff's claim for intentional infliction of emotional distress separately.   *Id.*

### 4.   *Negligent Hiring/Supervision*

Finally, plaintiff brings a state law negligent hiring/supervision claim. Though Deputy Thomas addresses this claim in his motion for summary judgment, plaintiff's negligent hiring/supervision claim is asserted against the Sheriff of Plaquemines Parish and the District Attorney of Plaquemines

18

Parish, not defendant Thomas.  As the claim is not asserted against Deputy

Thomas, the Court will not address it.


## VI.   CONCLUSION

        For the foregoing reasons, defendant Thomas's motion for

summary judgment is GRANTED.


New Orleans, Louisiana, this ____6th____ day of September, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE