UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW JASON, III                                    CIVIL ACTION

VERSUS                                                      NO. 16-2728

PARISH OF PLAQUEMINES, ET AL.             SECTION "R" (2)


## ORDER AND REASONS

Defendants former Plaquemines Parish Sheriff Lonnie Greco, in his individual capacity, and current Plaquemines Parish Sheriff Gerald A. Turlich, Jr., in his official capacity, move the Court for judgment on the pleadings on plaintiff Andrew Jason, III's claims against them, or in the alternative, for summary judgment.[1] For the following reasons, defendants' motion for summary judgment is granted.


## I.    BACKGROUND

This civil action arises out of plaintiff Andrew Jason's arrest for operating a vehicle while intoxicated and child endangerment.  On April 3, 2015, at about 7:40 p.m., plaintiff was driving with his six-year-old son when his car was rear-ended by another driver.[2]  Plaquemines Parish Sheriff's

---

[1]    R. Doc. 35.
[2]    R. Doc. 26-1 at 1 ¶¶ 1-2.

Office Deputy Christopher Thomas arrived at the scene of the accident shortly thereafter and interviewed both drivers.[3]   Upon speaking with plaintiff, Deputy Thomas smelled alcohol on plaintiff's breath and observed signs of impairment, as plaintiff was swaying and his speech was slurred.[4] Plaintiff was also not wearing shoes.[5]   Deputy Thomas asked plaintiff if he had consumed alcohol, and plaintiff responded that he had.[6]   Based on plaintiff's appearance and admission, Deputy Thomas administered a Standardized Field Sobriety Test.[7]   Plaintiff could not follow Deputy Thomas's instructions, turning right when instructed to turn left, and plaintiff failed the test.[8]   Deputy Thomas placed plaintiff under arrest for operating a vehicle while intoxicated in violation of Louisiana law.[9]   Upon discovering that plaintiff was driving with his six-year-old son, Deputy Thomas also charged plaintiff with child endangerment in violation of

---

[3]      R. Doc. 20-1 at 2.
[4]      *Id.*
[5]      R. Doc. 20-4 at 5.
[6]      R. Doc. 20-1 at 2; *see also* R. Doc. 26-1 at 1 ¶ 6 (Plaintiff's Statement of Uncontested Facts).
[7]      R. Doc. 20-1 at 2.
[8]      R. Doc. 20-4 at 5.
[9]      R. Doc. 20-1 at 2.

Louisiana law.[10]  Thomas brought plaintiff back to the station, where plaintiff was given a chemical breathalyzer test, which yielded a .022%.[11]

On October 22, 2015, Plaquemines Parish dismissed the charges against plaintiff. On April 3, 2016, plaintiff filed this lawsuit against Plaquemines Parish, the Plaquemines Parish Sherriff's Office, Deputy Thomas, and the Plaquemines Parish District Attorney's Office.[12]  On June 29, 2016, plaintiff amended his complaint and named as defendants Lonnie J. Greco, Sr., individually and in his capacity as the Sheriff of Plaquemines Parish;[13] Deputy Thomas; Charles J. Ballay, individually and in his official capacity as the District Attorney of Plaquemines Parish; and one or more unnamed Assistant District Attorneys of Plaquemines Parish.[14] Plaintiff's complaint alleges that his false arrest and the resulting consequences violated his constitutional rights under 42 U.S.C. § 1983.  Plaintiff also alleges state law claims of false arrest or imprisonment, malicious

---

[10]    *Id.* At no point throughout this litigation has plaintiff denied that he was driving with his six-year-old son.

[11]    *Id.*

[12]    R. Doc. 1 at 2.  Plaintiff voluntarily dismissed Plaquemines Parish from the suit. R. Doc. 7.

[13]    Sheriff Greco has since been succeeded in office by Sheriff Turlich.  R. Doc. 35-1 at 3.

[14]    R. Doc. 22 at 1-2.

3

prosecution, intentional infliction of emotional distress, defamation, and negligent hiring and/or supervision.[15]

On September 6, 2016, the Court found that Deputy Thomas had probable cause to arrest plaintiff, and granted Deputy Thomas's motion for summary judgment on plaintiff's federal claim and his state law false imprisonment/arrest, malicious prosecution, and defamation claims.[16]

Now, defendants Greco and Turlich move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, for summary judgment.  Plaintiff did not respond to any of the substantive legal arguments contained in defendants' motion, nor did plaintiff submit any summary-judgment-type evidence.  Instead, plaintiff simply reiterated the allegations in his complaint.[17]  Because plaintiff had an opportunity to respond under a summary judgment standard, the Court will resolve the motion for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[15]   R. Doc. 1 at 6-7.

[16]   R. Doc. 30.

[17]   R. Doc. 49.

4

judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).   All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the movant will bear the burden of proof at trial, the movant "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it

may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

### A.   Claims Against Sheriff Greco

First, defendants' motion attacks plaintiff's claims against Sheriff Greco in his individual capacity. Plaintiff brings a federal section 1983 claim

6

against Greco, as well as state law false imprisonment and malicious prosecution claims.  The Court will address the section 1983 claim first.

Section 1983 provides a cause of action for plaintiffs whose federal rights are violated under the color of state law. 42 U.S.C. § 1983; *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). To state a claim under Section 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law.  *Id.*  It is well-settled in this Circuit that "[u]nder [section] 1983, officials are not vicariously liable for the conduct of those under their supervision." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)).  Instead, supervisory officials will be personally liable "only if: (i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) they implement unconstitutional policies that causally result in plaintiff's injury."  *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996) (citing *Mouille*, 977 F.2d at 929).

Here, there is no evidence in the record that plaintiff suffered any constitutional violation,[18] but even if there was, there is absolutely no

---

[18]   The Court has already found that plaintiff did not suffer a constitutional violation. R. Doc. 30.

evidence in the record that Greco affirmatively participated in any act that caused a deprivation of plaintiff's rights. In fact, not only is there no evidence of anything suggesting Greco participated in the arrest and/or prosecution of plaintiff, but also there is no evidence of any acts taken by Greco whatsoever. Further, there is no evidence, and plaintiff does not even argue, that Greco implemented any unconstitutional policies that resulted in plaintiff's injuries. In light of this complete absence of evidence, plaintiff's section 1983 claim against Greco in his individual capacity must fail and Greco is entitled summary judgment on this claim. *See id.*

This lack of evidence is fatal to plaintiff's state law claims against Greco as well. In Louisiana, false arrest and imprisonment occurs when "one arrests and restrains another against his will without a warrant or other statutory authority." *Kyle v. City of New Orleans*, 353 So. 2d 969, 971 (La. 1977). Notwithstanding that the Court has already found that Deputy Thomas had probable cause to arrest plaintiff, which negates his false imprisonment claim, *see id.* at 971-72, there is no evidence, and plaintiff does not even allege, that Greco was the one who arrested plaintiff. Therefore, to the extent that plaintiff seeks to hold Greco liable for plaintiff's arrest, there is no evidence, and therefore no disputed issue of fact, that Greco participated in plaintiff's arrest.

Similarly, plaintiff's malicious prosecution claim against Greco fails for the same reasons. The elements of a malicious prosecution cause of action are (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its termination in favor plaintiff; (4) *the absence of probable cause for such proceeding*; (5) the presence of malice; and (6) damage to plaintiff. *Hibernia Nat. Bank of New Orleans v. Bolleter*, 390 So. 2d 842, 843 (La. 1980) (emphasis added). There thus can be no malicious prosecution claim when there is probable cause for the underlying arrest and prosecution. *See id.; Robinson v. Goudchaux's*, 307 So. 2d 287, 289 (La. 1975); *Miller v. E. Baton Rouge Par. Sheriff's Dept.*, 511 So. 2d 446, 452 (La. 1987).

Further, even assuming there was no probable cause to arrest plaintiff, or that the charges against plaintiff should have been dismissed sooner, Greco bears no liability because he was not the legal cause of the charges against plaintiff and could not dismiss them himself. Greco was not responsible for the decision to arrest plaintiff, and once prosecution was initiated by the District Attorney's office, Greco had no control over the dismissal of charges. *See Touchton v. Kroger Co.*, 512 So. 2d 520, 524 (La. App. 3 Cir. 1987) (citing *City of Lake Charles v. Anderson*, 182 So. 2d 70 (La.

1966)).  Therefore, Greco was not a legal cause of any prosecution of plaintiff, malicious or not, and plaintiff has not met his burden of establishing the elements of malicious prosecution.[19]

### B.    Claims Against Sheriff Turlich

Plaintiff brings a section 1983 claim against Sheriff Turlich in his official capacity, as well claims for vicarious liability for Deputy Thomas's acts and negligent hiring/supervision.[20]   A section 1983 suit against a government officer "in his official capacity" is the same as a suit against the government entity of which he is an agent.  *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999) (citing *McMillian v. Monroe Cty., Ala.,* 520 U.S. 781, 784-85 (1997)).  In section 1983 suits, municipalities cannot be held liable under a theory of *respondeat superior*.  *Pineda*, 291 F.3d at 328.  Instead, the Court must apply the *Monell* test, which ensures that municipalities are held responsible *only* for "their *own* illegal acts."

---

[19]    To the extent that plaintiff asserts a malicious prosecution claim against Sheriff Turlich, the claim fails for the same reasons it fails against Sheriff Greco.

[20]    Sherriff Turlich was not named in plaintiff's amended complaint, and these claims were initially brought against Sheriff Greco in his official capacity.  Sheriff Turlich has replaced Sheriff Greco in office, and the official capacity claims against Greco are now against Turlich.  *See* La. Code Civ. Proc. art. 806 ("When an officer of the state, or of a municipality, parish, . . . , who is a party dies, resigns, or otherwise ceases to hold office, his successor may be substituted therefor . . . .").

*Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original). Section 1983 municipal liability requires proof of three elements: (1) a policymaker, (2) an official policy or custom, and (3) a violation of constitutional rights whose "moving force" is that policy or custom. *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009) (citations omitted). Thus, a plaintiff seeking to impose liability on a municipality under section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997).

Plaintiff does not identify any specific policy or custom that was the moving force behind any alleged constitutional violation, but he instead brings a failure to train/supervise section 1983 claim. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (recognizing failure to train as section 1983 *Monell* claim, but noting that a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train") (citation omitted). A failure to train or supervise can qualify as a "policy or custom" for the purposes of *Monell* only when the failure to train "reflects a deliberate or conscious choice by a municipality." *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). Further, there can be no liability for failure to train or supervise if there is no underlying constitutional violation. *See Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th

Cir. 2013) ("All of [plaintiff]'s inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation.") (citing *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010)).

Plaintiff's section 1983 claim is predicated on a violation of his Fourth Amendment rights from an unreasonable arrest.  But warrantless arrests do not violate the Fourth Amendment if the arresting officer has probable cause, *see, e.g.*, *United States v. Ho*, 94 F.3d 932, 935 (5th Cir. 1996), and, as the Court has already found, Deputy Thomas had probable cause to arrest plaintiff.  Therefore, Deputy Thomas did not violate plaintiff's constitutional rights, and Sheriff Turlich certainly cannot be liable for a constitutional violation that never occurred.[21]  Plaintiff's section 1983 claim against Sheriff Turlich in his official capacity must therefore be dismissed on summary judgment.

---

[21]    Additionally, because there was no underlying violation, even if plaintiff had identified a policy or custom that potentially authorized unconstitutional conduct, this would be irrelevant. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."); *McKee v. City of Rockwall, Tex.*, 877 F.2d 409, 414 (5th Cir. 1989) (citation omitted).  Further, because there is no underlying constitutional violation, the Court need not consider the lack of evidence on moving force or deliberate indifference.

Plaintiff also seeks to hold Sheriff Turlich vicariously liable for false arrest and malicious prosecution.   Deputy Thomas's probable cause establishes that there was no false arrest or malicious prosecution, and therefore there can be no vicarious liability.  *See Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 326 (La. 1994) (reversing lower court's finding of vicarious liability because officer-employees in question were not negligent); *Domino v. Crowley City Police Dept.*, 65 So. 3d 289, 293-94 (La. App. 3 Cir. 2011) (affirming no vicarious liability for city because police officers did not commit false arrest); *Touchton*, 512 So. 2d at 525 ("Since the plaintiff has failed to state a cause of action against the defendant police officers for false arrest, plaintiff has also failed to state a cause of action against the city.").

Additionally, plaintiff asserts a claim of negligent hiring under Louisiana law.  The Supreme Court of Louisiana has recognized the tort of negligent hiring as cognizable under Louisiana fault principles embodied in La. Civ. Code art. 2315.  *Roberts v. Benoit*, 605 So. 2d 1032, 1044 (La. 1991). The standard used by Louisiana courts in negligent hiring cases is the same duty/risk analysis used in all negligence cases.  *See Jackson v. Ferrand*, 658 So. 2d 691, 698 (La. App. 4 Cir. 1994).  In other words, to succeed on his negligent hiring claim, plaintiff has the burden of submitting evidence indicating Sheriff Turlich breached his duty owed to plaintiff, that this breach

was both a cause-in-fact and legal cause of plaintiff's injuries, and that plaintiff suffered actual damages. *Id.* (citing *Benoit*, 605 So. 2d 1032).

There is absolutely no evidence in the record suggesting that Turlich breached his duty to plaintiff by hiring and/or failing to supervise Deputy Thomas, or that Deputy Thomas was somehow not suitable for the job he was hired to perform. Further, there is no evidence that this breach, even if it existed, was a cause-in-fact or legal cause of plaintiff's injuries. As made clear throughout this order, Deputy Thomas had probable cause to arrest plaintiff, Deputy Thomas did not violate plaintiff's Fourth Amendment rights, and Deputy Thomas did not falsely arrest or maliciously prosecute plaintiff. Sheriff Turlich cannot be liable for hiring or failing to supervise an officer who himself has no liability.

Finally, plaintiff asserts a defamation claim under Louisiana law. Plaintiff has the burden to prove all the elements of defamation, and has submitted no evidence of any defamatory statement. Plaintiff's defamation claim, therefore, fails as well. *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 2006). Further, to the extent plaintiff is asserting that defendants defamed him by charging him with a crime, any statement made in the context of charging defendant in a judicial or quasi-judicial proceeding is absolutely privileged. *See Williams v. DiVittoria*, 777 F. Supp. 1332, 1340

(E.D. La. 1991) (citing *Goldstein v. Serio*, 496 So. 2d 412, 414 (La. App. 4 Cir. 1986)).

## IV.  CONCLUSION

Defendants' motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __16th__ day of March, 2017.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE